UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAALDAM BEHEER B.V., a Netherlands
company, and STERK MIDDEN NEDERLAND
B.V., a Netherlands company,

    Plaintiffs,

vs.                                        CASE NO.: 8:09-cv-02226-T-17EAJ

ASAP INSTALLATIONS, LLC, a Florida
Limited liability company, and KIMMIT, INC.,
a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND ADD A PARTY PLAINTIFF

THIS cause is before the Court on Plaintiff, Sterk Midden Nederland B.V.'s (Sterk), Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff (Doc. 19) and Defendants, ASAP Installations, LLC and Kimmit, Inc.'s, response thereto (Doc. 20). For the reasons set forth below, Plaintiff's Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff is hereby **GRANTED IN PART** and **DENIED IN PART**.

## PROCEDURAL HISTORY

Plaintiffs, Staaldam Beheer B.V. (SBBV) and Sterk, originally filed this five-count complaint in the United States District Court for the Middle District of Florida, Tampa Division on November 2, 2009 (Doc. 1). Defendants, ASAP and Kimmit, filed a Motion to

1

Dismiss with prejudice all counts of Plaintiffs' complaint on December 18, 2009 (Doc. 6). Plaintiffs then filed a Motion to Amend Complaint on January 14, 2010, dropping one count and terminating SBBV as a Plaintiff (Doc. 9). In response, Defendants filed a Motion to Dismiss First Amended Complaint on February 2, 2010 (Doc. 11). Plaintiff then filed a Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff on April 8, 2009 (Doc. 19). On April 20, 2010, Defendants filed a response in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff (Doc. 20). The Court issued an order denying Defendants' Motion to Dismiss on April 28, 2010 (Doc. 21). Defendants then filed an Answer and Affirmative Defenses to the First Amended Complaint and also Counterclaims on May 17, 2010 (Doc. 24). Plaintiff responded with a Motion to Dismiss Counterclaim on June 8, 2010 and Answer to Counterclaim on June 10, 2010 (Doc. 25 and 26).

## STATEMENT OF THE CASE

This is an action for damages alleging rescission of contract, unjust enrichment, conversion, and alternative breach of contract against Defendants stemming from a lease agreement for equipment between SBBV and ASAP, a Memorandum of Understanding (MOU) for the creation of a joint venture construction business between Sterk and Kimmitt, and the delivery of construction equipment by Sterk to ASAP. If allowed to amend, Plaintiff's Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff will re-add SBBV as Plaintiff to the suit and add a replevin claim by Sterk, a claim for breach of lease by SBBV, and a replevin claim by SBBV.

## DISCUSSION

I. *Motion for Leave to File Second Amended Complaint*

*Federal Rule of Civil Procedure 15(a)* states that leave to amend "shall be freely granted when justice so requires." *Fed. R. Civ. P. 15(a)*. District courts are given broad discretion to grant or deny leave to amend. *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman v. Davis*, 371 US 178, 182 (1962)). In order for a court to deny leave to amend, there must be a "justifying reason." *Foman*, 371 US at 182. The United States Supreme Court in *Foman v. Davis* stated:

> in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 US 178, 182 (1962). This language is echoed in Eleventh Circuit decisions. That court in *Grayson v. Kmart Corp.* held that absent "substantial countervailing reason", such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment", the Court "is constrained to allow a plaintiff leave to amend." *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1109 (11th Cir. 1996). Ultimately, the Eleventh Circuit has found that "if underlying facts or circumstances relied on by Plaintiff may be the proper subject of relief, Plaintiff ought to be afforded the opportunity to test his claim on the merits and therefore should be permitted to amend his complaint." *Gropp v. United Airlines, Inc.*, 847 F.Supp. 941, 945 (M.D. Fla. 1994) (citing *Foman v. Davis*, 371 US 178, 182 (1962)).

A. *No Undue Delay, Undue Prejudice, Bad Faith, or Dilatory Motive*

Plaintiff contends that they did not unduly delay filing the amendment (Doc. 19). It is clear that Plaintiff filed the Second Amended Complaint prior to the deadline of April 12, 2010, set by the Court in the Scheduling Order (Doc. 13). Also, two of the new counts are replevin claims sought in the alternative and "presenting to the Court another theory or cause of action which may exist under the facts" of the case is permissible in an amendment. *Gropp*, 847 F. Supp at 945 (citing *Batkiewicz v. Seas Shipping Co.*, 53 F. Supp. 802 (S.D. N.Y. 1943)).Thus, there is no evidence of undue delay on the part of the Plaintiff in filing the Second Amended Complaint.

Likewise, there is no evidence that, by granting the amended complaint, the Court would cause Defendants undue prejudice. To determine undue prejudice, the Court should consider "the extent of discovery already conducted and the risk of extensive additional discovery if the amendments are allowed." *Ultratech Int'l, Inc. v. Swimways Corp.*, 2009 U.S. Dist. LEXIS 80997, *10 (M.D. Fla. Mar. 3, 2009). The Court must also decide whether the motion "adds a new legal issue." *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 510 (M.D. Fla. 1994). In this case, neither factor prejudices the opposing party. First, the amendment does not state a new legal issue. The Plaintiff's proposed additional claims of replevin and breach of lease involve the same legal issues and facts of the First Amended Complaint. Allowing these additional alternative claims would adhere to the liberal amendment policy. *See Butler v. Crosby*, 2006 U.S. Dist. LEXIS 26029, *27 (M.D. Fla. Feb. 8, 2006). Second, with the discovery deadline not until October 15, 2010, Plaintiff is correct in asserting that this case is in its early

stages (Doc. 13). There is ample time for Defendants to gather the information necessary to make their case. Regardless, extensive discovery is not needed for the proposed additional claims because they involve the same facts and evidence as the First Amended Complaint. It is unlikely that the additional proposed counts will cause Defendants undue prejudice.

Defendants argue that Plaintiff's repeated attempts at amending their complaint are indicative of their dilatory motives. Defendants state that the Second Amended Complaint misrepresents the transaction regarding the equipment and Sterk's supposed "controlling interest in the joint venture" that is referenced in the MOU (Doc. 20). However, this is only Plaintiff's Second Amended Complaint and "plaintiffs have the right to amend in attempt to present to the Court their most meritable claims." *Gropp*, 847 F.Supp. 941, 945. Although Defendants may disagree with the manner in which Defendants construe the parties' agreements, the facts and circumstances that Plaintiff relies on for relief may be proper, thus "he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 US at 182. There is not enough evidence of bad faith or dilatory motive on the part of the defendant to deny leave to amend.

B. *Plaintiff Did Not Repeatedly Fail to Cure Deficiencies by Amendments*

Defendants claim that Plaintiff failed to cure the deficiencies indentified in prior motions to dismiss with their Second Amended Complaint. In their response to the Second Amended Complaint, Defendants argue that Counts I, III, and IV failed to cure their respective counts in the First Amended Complaint (Doc. 20). Subsequent to Defendants' response to Plaintiff's Motion for Leave, however, the Court denied Defendants' Motion to Dismiss on all counts (Doc. 21). Thus, Defendants' charge that Plaintiff failed to cure deficiencies in their

complaint fails because the Court found Plaintiff's claims valid on all counts and Plaintiff here only attempts to add alternative methods of recovery and an additional breach of lease claim for which Defendants did not oppose as being deficient.

### C. *The Amendment is Futile in Regard to Count VI*

The Eleventh Circuit has stated that "denial of leave to amend is justified by futility when the complaint as amended is subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing *Halliburton & Assoc., Inc. v. Henderson, Few & Co.,* 774 F.2d 441, 444 (11th Cir. 1985)). Defendants argue that Count VI of the Second Amended Complaint is subject to dismissal because the Operating Lease Agreement is void because it is in violation of Florida's Statute of Frauds One Year Provision (Doc. 20). The unsigned lease between SBBV and ASAP was made on July 17, 2006, and states that the lease of the equipment commenced May 1, 2006, and continued until April 30, 2007 (Exhibit A). The original agreement clearly was to be completed within the one year period, not violating the Statute of Frauds. However, Plaintiff states that throughout the lease term the parties, by their conduct, extended the duration of the lease and ASAP paid rental for the equipment through March 31, 2010 (Doc. 1). The Lease Agreement states that "if and when so agreed upon by the Parties in writing, the lease may be extended for another Lease Term" subject to the same terms (Exhibit A). Defendants claim that in October, 2006 the parties modified the oral lease agreement to a ten year lease-to-own agreement (Doc. 24). Plaintiff contends that this modified lease agreement existed, yet Defendants failed to meet its requirements (Doc. 25).

6

There is no written evidence of the lease-to-own agreement which materially altered the terms of the Operating Lease Agreement and created a ten year obligation. Florida law bars the enforcement of an unwritten or unsigned contract "when the parties intended and contemplated that performance of the agreement would take longer than one year." *Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991). The modified lease-to-own agreement clearly falls in to that category. Plaintiff's amended Count IV Breach of Contract (Lease) claim in regard to the lease terms indentified on Exhibit A is denied for failure to adhere to Florida's Statute of Frauds. Therefore, Plaintiff's Motion for Leave to File Second Amended Complaint in this case is **GRANTED IN PART** and **DENIED IN PART**.

II. *Motion to Add a Party Plaintiff*

*Federal Rule of Civil Procedure 20(a)* states it pertinent part that the District Court may allow for the permissive joinder of parties by a plaintiff if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P. 20(a)(1)*. The purpose of *Rule 20* is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003)). The Court is allowed a "liberal approach to permissive joinder of claims and parties in the interest of judicial economy." *Alexander*, 207 F.3d at 1323. The Supreme Court of the United

States encourages liberal joinder of parties, stating that "the impulse is towards entertaining the broadest possible scope of action consistent with the parties." *Id*. (citing *United Mine Workers v. Gibbs*, 386 U.S. 715, 724 (1966))

The first phrase of *Rule* 20 depicts the liberal nature of the rule by "emphasizing that permissive joinder is to be assessed by pragmatic factors regardless of whether liability is joint or several, or in the alternative." 4 -20 MOORE'S FEDERAL PRACTICE – CIVIL §20.03 (2010). Beyond that, the plaintiff must establish two prerequisites for a court to grant the permissive joinder of parties under *Rule 20*: (1) a right to relief rising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander*, 207 F.3d at 1323. A transaction or occurrence is defined as "all 'logically related' events entitling a person to institute a legal action against another". *Id*. (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).Courts should determine transaction or occurrence on a case by case basis, "allowing all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Interscope Records* v. *Does 1-25*, 2004 U.S. Dist. LEXIS 27782, at *9 (M.D. Fla. April 1, 2004). As for the second prong, "*Rule 20* does not require that all questions of law and fact raised by the dispute be common, but that only some question of law or fact be common to all parties." *Mosley*, 497 F.2d at 1334.

Plaintiff argues that joining SBBV as a plaintiff satisfies all of the necessary requirements of *Rule 20* (Doc. 19). First, it should be noted that SBBV does assert a right to relief that arises from the same series of transactions. The word transactions "may comprehend a

8

series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Alexander*, 207 F.3d at 1323 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593 , 610 (1926)). The principals of both Sterk and SBBV entered into a series of transactions with the principals of ASAP and Kimmitt that included the Operating Lease Agreement, the MOU, and the delivery of construction equipment. The retention of the equipment by Kimmit, including the original JCB Sheetpiler leased to ASAP by SBBV, is the subject of the present action. Thus, it is clear that SBBV is logically and reasonably related to the transactions between ASAP and the Defendants.

Second, the joinder of SBBV raises a question of law or fact common to all Defendants. In this case, the common question of fact that arises is who has legal ownership of the leased equipment and the subsequently shipped equipment in relation to the original Operating Lease Agreement and the MOU. SBBV originally leased to ASAP the JCB Sheepiler that was subject to the MOU between Sterk and Kimmit. SBBV's claims regarding their leased equipment are common to Sterk's claims regarding the equipment against the Defendants. These issues should be resolved in one action to "promote trial convenience and expedite the resolution" of the dispute between the principals of all parties. *Alexander*, 207 F.3d at 1323.

Defendants' Memorandum in response to the Motion to Add a Party Plaintiff does not argue that Plaintiff did not establish the two necessary prerequisites, rather Defendants argue that permissive joinder should be denied because Sterk and SBBV have not sought joint, several, or alternative relief. Defendants contend that all counts between SBBV and Defendants relate to the Operating Lease Agreement and all counts between Sterk and Defendants relate to

the MOU. There is no overlapping relationship between the individual Plaintiffs and Defendants, no overlapping contractual privity, and no relief sought jointly, severally, or alternatively on any counts by either party (Doc. 20). Plaintiff, however, argues that joint, several, or alternative relief is sought because Kimmit seeks to recover the JCB Sheetpiler, as it was part of the MOU, and SBBV originally leased that JCB sheetpiler to ASAP. Also, one proposed count in the Second Amendment is a replevin claim by SBBV against ASAP and Kimmit for the originally leased JCB Sheetpiler (Doc. 19).

This Court looks at the "pragmatic factors" of this specific case irrespective of relief sought jointly, severally, or in the alternative. Those factors here are that the Lease Agreement and MOU agreed upon by the principals of all parties on each side involve the same equipment and include the same actors. In the interest of judicial economy and expediting the dispute, all claims should be settled in one action in regard to those agreements and the equipment involved. The Court should follow the United Supreme Court's charge to liberally allow joinder of parties in order to entertain the "broadest possible scope of action consistent with the parties." *Alexander*, 207 F.3d at 1323. Accordingly, it is **ORDERED** that the Motion for Leave to File Second Amended Complaint and Add a Party Plaintiff (Doc. 19) is hereby **GRANTED IN PART** and **DENIED IN PART** as set out herein. The Second Amended Complaint shall be filed within ten (10) days of the date of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of June, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.